OWEN DOYLE v. MAGGIE WHITLEY.

(Filed 1 February, 1939.)

**1. Agriculture § 7e—**

In this action by a tenant to recover for breach of a half-share farming contract, defendant's demurrer *ore tenus* to the complaint and motion to nonsuit upon the evidence *held* properly overruled.

**2. Same—**

In an action by a tenant to recover for breach of a half-share farming contract, evidence of the value of crops raised by plaintiff on other land the following year is erroneously admitted on the question of damages.

APPEAL by defendant from *Harris, J.,* and a jury, at September Term, 1938, of FRANKLIN. New trial.

DOYLE v. WHITLEY.

This is a civil action instituted in the Superior Court of Franklin County by summons issued 24 October, 1936, to recover damages as a result of an alleged breach of half-share farming contract by the defendant. The plaintiff alleges that on 13 December, 1935, the plaintiff and defendant entered into a half-share farming contract for the year 1936, under which contract plaintiff was to cultivate certain lands of the defendant in Johnston County as set forth in said complaint.

The complaint further alleges that the defendant breached said contract and that by reason of said breach the plaintiff was deprived of and wrongfully prevented from obtaining his just and lawful share of the crops grown and cultivated upon said land. That he had been humiliated and embarrassed, suffered great anxiety of body and mind, and been forced to undergo hardship and had suffered irreparable harm and damage in the sum of $1,500.00.

The defendant denied said contract and also denied that the plaintiff had suffered any damage, as alleged.

The issues submitted to the jury and their answers thereto were as follows:

"1. Did the plaintiff and defendant enter into the contract, as alleged in the complaint? Ans.: 'Yes.'

"2. Did the defendant breach said contract? Ans.: 'Yes.'

"3. What damage, if any, is the plaintiff entitled to recover of the defendant? Ans.: '$175.00.'"

The court below rendered judgment on the verdict. Defendant made numerous exceptions and assignments of error and appealed to the Supreme Court.

*W. L. Lumpkin, E. C. Bullock, and Hill Yarborough for plaintiff.*
*A. M. Noble and F. H. Brooks for defendant.*

PER CURIAM. The demurrer *ore tenus* by defendant must be overruled. We think the complaint states facts sufficient to constitute a cause of action. N. C. Code, 1935 (Michie), sec. 511 (6).

The defendant introduced no evidence and at the close of plaintiff's evidence made a motion in the court below for judgment as in case of nonsuit. C. S., 567. The court below overruled this motion and in this we can see no error.

Plaintiff testified, in part: "I farmed with Mr. Q. S. Leonard in 1937. Q. How many acres of tobacco did you have in 1937? Ans.: 4.2 acres. Q. How much did it bring you? Ans.: $1,100.00 and some few dollars."

To the above questions and answers defendant excepted and assigned error. We think they must be sustained. Plaintiff was to work defendant's place in 1936. We think it was prejudicial to show what he made in 1937 on the other land, there being no evidence of similarity of conditions.

For the reasons given, there must be a

New trial.